## ARMSTRONG vs. HUFFSTUTLER, ADM'R., &c.

1. In seeking to impeach a witness by showing that he has made declarations inconsistent with his testimony, it is not necessary in laying the predicate, that the language used by him should be stated, but the substance of what he is supposed to have said, is all that is required.

2. Although it is the duty of the vendor to disclose to the vendee such intrinsic defects in the property sold as materially affect its nature and condition, which lie especially in the knowledge of the seller, and which the purchaser cannot, by the exercise of proper diligence, discover; yet the law does not require him to disclose "the fullest extent of that unsoundness," by describing particularly the different stages and symptoms of the disease, and all the circumstances attending it.

3. When the purchaser pays what would be an inadequate price if the animal purchased was sound, it is a circumstance to which the jury may look, in connection with other proof, in determining whether or not he was advised of the latent unsoundness of the animal, if there was any.

ERROR to the Circuit Court of Blount. Tried before the Hon. W. R. Smith.

THIS was an action commenced before a justice of the peace by Huffstutler, on an instrument in writing, for the payment of eighty-five bushels of corn; executed by Armstrong to plaintiff's intestate. A verdict was rendered for the plaintiff before the justice, and the defendant appealed to the Circuit Court, where a new trial was had, and another verdict rendered for the plaintiff. It appears from the bill of exceptions, that the note was given for a mare sold by plaintiff's intestate in his life-time to defendant. Plaintiff introduced one Harris as a witness, who swore that he thought the mare at the time of sale was worth ten or fifteen dollars. On cross-examination, defendant asked him, if he had not said to Archelaus Walker and James Blakely, at a certain time and place named, " that he thought the mare worthless at the time of sale ;" witness replied that he did not recollect having told them so. Defendant then introduced Walker and Blakely, and asked them the same question, to which they replied that Harris did not use the word " worthless." Defendant then proposed to vary the question, and ask, if Harris did not, at the time and place mentioned, say, " that he thought the mare was of no value at the time of sale." Plaintiff objected to this question, and the court sustained his objection, to which the defendant excepted. There was also evidence that the mare was unsound at the time of the sale. The defendant asked the court to instruct the jury, " that if the defendant was not fully informed by the seller, not only that the mare was unsound, but of the fullest extent of that unsoundness, so far as the same was known to the seller, and could not be seen by the defendant at the time of the purchase, although it may have been discoverable a few days afterwards, then a fraud was practised, and if the mare proved to be entirely valueless, because of that unsoundness, they must find for the defendant," which charge the court refused to give, and the defendant excepted.

The court charged the jury, " that if the mare was sold for a sound price, or what would be her value if sound, this would raise the presumption of fraud, and this presumption would have all the force and effect of evidence of fraud, unless the facts in testimony should upset that presumption ; and if she was sold

for an unsound price, or what would be less than her value if sound, that this would be presumptive evidence that she was sold as unsound." To which charge defendant excepted.

Pope, for plaintiff in error.

Humphreys, contra.

CHILTON, J.—In Nelson v. Iverson, 17 Ala. 216, we held that when the object was to impeach a witness by showing that he has made declarations inconsistent with his testimony, it is not necessary in laying the predicate, that the language used by the witness should be stated, but the substance of what he is supposed to have said is all that is required. In this case, the witness sought to be impeached was asked if at a certain time and place, which were particularly described, he had not stated to Walker and Blakely that the mare was *worthless* at the time of the sale. To this, he substantially answered in the negative. The witnesses proved that he did not say she was *worthless*, but it was proposed to prove that he said she was of *no value*. This mere verbal difference did not render the proposed proof incompetent, and is fully covered by the case above cited. As to the relevancy of the proof, see Daniels v. Conrad, 4 Leigh, 401 ; 2 Phil. C. & H. notes, 772, et seq. As to the question of fraudulent concealment attempted to be raised by the charge asked by the counsel for the defendant below, and refused by the court, it is only necessary to say, that it applied to the vendor in requiring him not only to disclose that the animal was unsound, " but the fullest extent of that unsoundness," a more rigid exaction than the law makes upon him. Such particularity would require of the seller to enter into a minute history of the supposed disease, to describe with accuracy its different stages, and the symptoms attending it, which would tend greatly to impede the facilities of sales, and expose vendors to great insecurity and perils. While, however, the law does not require such particularity, yet in respect to intrinsic defects, such as materially affect the nature and condition of the property, which the purchaser could not by the exercise of proper diligence have discovered, and which were especially within the knowledge of the seller, the silence of the vendor would be considered a fraud,

which would avoid the contract, if it had the effect of deceiving the purchaser.—Story on Con. § 519.

As to the legal proposition involved in the charge given by the court, it may be sufficient for the future conduct of the cause to say, that the price agreed to be paid may be looked to by the jury as a circumstance, in connection with the other proof, in determining whether the purchaser was or was not advised of the latent unsoundness of the animal, if there existed any, and that he contracted with reference to such unsoundness. If the animal, had she been sound, was worth one hundred dollars, and the purchaser acquired her for ten dollars, this would be a circumstance which would tend strongly to show that there was no imposition practiced on the seller. On the other hand, if by reason of intrinsic latent defects, she was worth only ten dollars, and the purchaser gave one hundred dollars, the folly of such a contract-would be so extremely gross as to tend when taken in connection with other facts in corroboration ·to establish a case for relief on the ground of fraud. Such fact, taken isolated from all others, would not justify a presumption of fraud. It is evidence in such case of mere folly and weakness, or want of judgment as to the value of the article, which it is said will not defeat a contract, even in equity.—See Milner v. Cowley, 8 Price, 620; Prebble v. Boyhurst, 1 Swanst. 329; Oliphant's Law of Horses, 84; 58 Law Lib. 87. We do not deem it necessary to go into a more critical examination of the charges.—See further on the subject, Ricks v. Dillahunty, 8 Por. R. 133. For the error in excluding the evidence of Walker and Blakely, the judgment must be reversed, and the cause remanded.